THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACHEL L., Appellant. (Appeal No. 1.) [815 NYS2d 388]—

Appeal from a resentence of the Ontario County Court (James R. Harvey, J.), rendered April 12, 2005. Defendant was resentenced on her youthful offender adjudication, based upon her plea of guilty, of burglary in the second degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously reversed on the law.

Memorandum: In appeal No. 1, defendant appeals from a resentence on her youthful offender adjudication, based upon

her plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]). In appeal No. 2, defendant appeals from a resentence on her youthful offender adjudication, based upon her plea of guilty, of six counts of criminal possession of a forged instrument in the second degree (§ 170.25) and one count of petit larceny (§ 155.25). County Court initially sentenced defendant to concurrent terms of imprisonment of six months with respect to the adjudication in each appeal and indicated that, because defendant was still enrolled in high school, she would serve her sentence of imprisonment in each appeal during school vacations. Defendant initially was sentenced with respect to the adjudication in each appeal on October 13, 2004 and served time in the county jail from December 22, 2004 until January 2, 2005. Subsequently, the Ontario County Sheriff concluded that defendant was committed upon an intermittent basis and, pursuant to Penal Law § 85.00, had completed the sentence of imprisonment in each appeal inasmuch as the sentence commenced October 13, 2004 and ended six months after that date. The court on its own motion thereupon resentenced defendant to concurrent determinate terms of imprisonment of six months with respect to the adjudication in each appeal, with credit for time served. That was error.

The initial sentence in each appeal was imposed as a sentence of intermittent imprisonment, and service of the term of intermittent imprisonment therefore is not determined by adding the number of days actually spent in confinement. Rather, service of the term of intermittent incarceration commences from the day on which it is imposed, and it continues to run during the time spent both in and out of jail until the term expires (*see* Penal Law § 85.00 [3]; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 85, at 21). Because none of the conditions set forth in Penal Law § 85.05 was met herein, the court lacked the authority to modify or revoke the sentence of intermittent imprisonment in each appeal. Thus, we reverse the resentence in each appeal. Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.